STRUTHERS-ZIEGLER COOPERAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32884. Promulgated December 18, 1929.

*W. W. Smith, Esq.*, for the petitioner.
*A. Carnduff, Esq.*, for the respondent.

538

OPINION.

MORRIS: This proceeding was submitted upon the pleadings. Counsel for the respondent urges that the net income of the consolidated group for 1924, of which the petitioner is the parent, can not be reduced by net losses of said parent company sustained during 1922 and 1923 because, as the respondent states in his deficiency letter, the new group is a separate entity. The respondent's counsel cites *Hutt Contracting Co. et al.*, 17 B. T. A. 818, and the cases therein cited, as dispositive of the question at issue. In that case we said:

During 1921, as well as 1922, the Hutt Cattle Co. sustained a net loss in the operation of its business. Such a loss would be available to it under section 204 (b) of the Revenue Act of 1921 as a deduction from its income for 1922, *Alabama By-Products Corporation*, 16 B. T. A. 1073. It had no income but a loss for that year. It is urged, however, that the loss in 1921 can be carried over and used as a deduction in 1922 against the income of the affiliated corporations; in substance, that the net loss of the Hutt Cattle Co. for 1921 may serve to reduce the taxable income of the Hutt Contracting Co. in 1922 because those two were affiliated in the later year. This must be denied on the authority of our decisions in *Alabama By-Products Corporation, supra; Sweets Company of America, Inc.*, 12 B. T. A. 1285; *Owensboro Conserve Co.*, 8 B. T. A. 615; and *American Steel Co.*, 7 B. T. A. 641.

In *Alabama By-Products Corporation et al.*, *supra*, where a similar question was considered, involving section 204 (b) of the Revenue Act of 1918, which, for our purpose, is no different from the section of the Act controlling the issue here, we said, after holding that each individual corporation of an affiliated group was a " taxpayer " within the meaning of the statute:

We do not believe that it was the intention of Congress to deprive any taxpayer of the benefits afforded by section 204 by the statutory provision relating to consolidated returns. In our opinion there is nothing contained in the statute, either in express terms or by necessary implication, which would deprive a corporation of the benefit of the net loss provision of the statute merely because it was affiliated with another corporation.

Since, under the statute, each member of an affiliated group is a " taxpayer " and the relief granted by section 204 is given to " any taxpayer," it is our opinion that an affiliated corporation which suffered a net loss in 1919,

prior to the beginning of the period of affiliation, and which net loss exceeded the amount of its net income for 1918, is entitled to deduct the excess of such net loss from its individual net income for 1920, and to that extent the consolidated net income is thus reduced.

The instant case is not one where the petitioner is seeking to reduce its own net income for the taxable year by a net loss of a distinctly different corporation becoming a member of the affiliated group after the loss was sustained. The petitioner is the parent company which sustained the loss for 1922 and 1923. We are, therefore, of the opinion that it is entitled to deduct said net loss to the extent of its individual net income for 1924.

*Decision will be entered under Rule 50.*